UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES M. BOONE                                    CIVIL ACTION

VERSUS                                            NO. 10-1059

SCOOTER STORE, ET AL.                             SECTION "L" (3)

## REPORT AND RECOMMENDATION

On April 5, 2010, plaintiff filed the instant action and paid the $350.00 filing fee. [Doc. #1]. The District Court then referred this action to the undersigned. [Doc. #3]. Check number 1087, with which plaintiff paid the $350.00 filing fee, was subsequently returned to the Court because the bank account had been closed. On April 26, 2010, the Court ordered plaintiff to submit within ten days two separate money orders, one for the $350.00 filing fee and one for the $45.00 NSF charge. [Doc. #4].

Plaintiff then moved to proceed *in forma pauperis*. [Doc. #5]. This Court denied the motion and re-ordered plaintiff to submit the two money orders. [Doc. #6]. This Court's Order also informed plaintiff that "[f]ailure to comply with this Order could result in the appropriate sanctions including dismissal of the Complaint for failure to comply with Local Rule 5.2." *Id.*[1]

On June 10, 2010, plaintiff appealed to the District Court this Court's denial of his

---

[1] Local Rule 5.2 states that "[t]he clerk shall not be required to file any paper or to render any service for which a fee is legally collectible unless the fee for the particular service is paid in advance."

application to proceed *in forma pauperis*. [Doc. #7]. The District Court denied the appeal on June 23, 2010. [Doc. #8]. Since that date, plaintiff has failed to prosecute this action in any way. In addition, plaintiff has failed to comply with this Court's two earlier Orders dated April 26 and May 18, 2010 [Docs. #4 and #6], in which this Court ordered plaintiff to submit two money orders to the Clerk of Court to pay the cost of the filing fee and the NSF charge from the bank. Accordingly,

**IT IS RECOMMENDED** that plaintiff's complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 19th day of July, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**